[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant commissioner of motor vehicles ordering suspension of the plaintiff's motor vehicle operator's license. The basis of the commissioner's decision was the plaintiff's refusal to consent to a chemical blood alcohol (BAC) test after her arrest for operating under the influence of alcohol, as provided in C.G.S. 14-227b. The court finds the issues in favor of the defendant commissioner.
The plaintiff claims as the sole basis of her appeal that there was insufficient evidence to support the hearing officer's finding that she refused to submit to a breath test.
At the hearing, the police officer's A-44 report form was admitted in evidence, although the officer himself was not summoned to testify. The plaintiff testified in her own behalf, and she introduced a written report from her doctor stating that she suffers from a condition that may impair her breathing.
The police report states that the plaintiff agreed to take the breath test but then "would not blow into the intoximeter. She would get a big breath and put her finger in front of the mouth piece and the machine would register Insuff. Breath. I informed her that she would have to blow into the machine or she would be charged with a refusal. I gave her approx. thirty minutes to get it right. She took six tries and they came back Insuff. Breath. Antunovich said that the machine must be broken and that she was blowing in the machine. Each time she would hold her breath, and not blow." The officer thereupon concluded that the plaintiff had refused the test and discontinued the procedure. His report states that another officer subsequently used the same machine in testing another person and that the machine was functioning properly.
The plaintiff's testimony essentially contradicted the police officer's statements in his report. She testified CT Page 2013 that she attempted to blow into the machine several times but apparently was unable to muster sufficient force to make it register. She denied that she put her finger in front of the mouthpiece or held her breath and refused to blow.
In the "subordinate findings" attached to his decision, the hearing officer states that he finds that the plaintiff did place her finger over the mouthpiece of the machine, as stated by the officer. That subordinate finding was the basis of his ultimate finding that the plaintiff refused the test. In essence, the plaintiff contends that the hearing officer erred in believing the police officer's statement rather than her testimony.
It is well settled law that the weight to be given to conflicting evidence and the determination of factual issues is within the province of the hearing officer in an administrative proceeding. The court may not overrule the hearing officer's factual findings and conclusions if there is substantial evidence which reasonably supports them. Lawrence v. Kozlowski, 171 Conn. 705, 707-708 (1976).
The court has carefully examined the whole record in this case, including the plaintiff's testimony, her doctor's statement, and the police report. As indicated, the police report does provide substantial evidence to support the hearing officer's finding that the plaintiff refused to take the test. That being so, the court must not disturb that finding, notwithstanding the opposing evidence introduced by the plaintiff.
The appeal is dismissed.
Maloney, J.